UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
DIYA JAMAL PEARSALL,

                    Plaintiff,
                                          MEMORANDUM & ORDER
          -against-                       16-CV-6733(JS)(SIL)

MICHAEL J. SPOSATO and ARMOR
CORRECTIONAL HEALTH INC.,

                    Defendants.
-----------------------------------X
APPEARANCES
For Plaintiff:      Diya Jamal Pearsall, pro se
                    13000227
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendants:     No appearance.

SEYBERT, District Judge:

          On November 28, 2016, incarcerated pro se plaintiff Diya
Jamal Pearsall ("Plaintiff") filed a Complaint pursuant to 42
U.S.C. § 1983 ("Section 1983") against Nassau County Sheriff
Michael J. Sposato and Armor Correctional Health (together,
"Defendants"), accompanied by an application to proceed in forma
pauperis and an application for the appointment of pro bono counsel
to represent him in this case.

          Upon review of the declaration in support of the
application to proceed in forma pauperis, the Court finds that
Plaintiff's financial status qualifies him to commence this action
without prepayment of the filing fee.  See 28 U.S.C. §§ 1914(a);
1915(a)(1).  Therefore, Plaintiff's request to proceed in forma
pauperis is GRANTED.  The Clerk of the Court is directed to forward
copies of the Summonses, Complaint, and this Order to the United
States Marshal Service for service upon Defendants without

prepayment of fees.  For the reasons that follow, Plaintiff's application for the appointment of pro bono counsel is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW when this case is trial ready, if so warranted at that time.

DISCUSSION

I.  Appointment of Pro Bono Counsel

Unlike criminal defendants, civil litigants do not have a constitutional right to the appointment of counsel.  However, pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  In deciding a motion for appointment of counsel, "the district judge should first determine whether the indigent's position seems likely to be of substance."  Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986).  A position is likely to be of substance if it appears to the court that the plaintiff "appears to have some chance of success . . . ."  Hodge, 802 F.2d at 60-61.  Where a plaintiff satisfies this threshold requirement, the Second Circuit instructs that

> the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62.  These factors are not restrictive and "[e]ach case must be decided on its own facts."  Id. at 61.

Notwithstanding the requirement that pleadings drafted by

a pro se litigant, are to be construed liberally and interpreted to raise the strongest arguments they suggest, see Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), the Court, upon careful review of the facts presented herein and in light of the factors required by law as discussed above, finds that the appointment of counsel is not warranted at this time. Even assuming that Hodge's threshold requirement is satisfied, the record reflects that the legal issues presented are not unduly complex and that Plaintiff can adequately prosecute his claims himself pro se.

Based on this review, Plaintiff's motion for appointment of pro bono counsel is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW when the action is ready for trial, if warranted at that time. It is Plaintiff's responsibility to retain an attorney or continue to pursue this lawsuit pro se. See 28 U.S.C. § 1654.

### CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED and the application for the appointment of pro bono counsel to represent Plaintiff in this case is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW when this case is trial ready, if so warranted at that time.

The Clerk of the Court is directed to forward copies of the Summonses, Complaint, and this Order to the United States Marshal Service for service upon Defendants without prepayment of fees and to mail a copy of this Memorandum and Order to the pro se Plaintiff at his last known address.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

3

that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).


                              SO ORDERED.


                              /s/ JOANNA SEYBERT_____
                              Joanna Seybert, U.S.D.J.

Dated: February __7__, 2017
       Central Islip, New York